UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL P. JONES,<br>   Plaintiff,<br><br>-v-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>   Defendant. | No. 1:08-cv-529<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Plaintiff Daniel Jones seeks review of a final decision of the Commissioner of Social Security that Plaintiff was not entitled to disability insurance benefits. The magistrate judge issued a report recommending the Commissioner's decision be affirmed. (ECF No. 11.) Plaintiff Jones filed objections. (ECF No. 12.) The Commissioner filed a response to Plaintiff's objections. (ECF No. 13.) For the reasons provided below, the report is ADOPTED and the Commissioner's decision is AFFIRMED.

### STANDARD OF REVIEW

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report

that the district court must specifically consider"); *Howard*, 932 F.2d at 509. The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## DISCUSSION

Plaintiff Jones expresses disagreement with three points in the report and recommendation.

**A. Admission of Post-Hearing Evidence**

The magistrate judge concludes the Commissioner did not err when he declined to consider two documents from Dr. Donald Schanz, D.O. and one document from Dr. Andrew Head, M.D. The magistrate judge concludes Plaintiff did not establish that the documents were new material and that there was good cause for the failure to present the evidence in the prior proceeding. Plaintiff does not object to the conclusion good cause did not exist for the failure to present the document from Dr. Head. Plaintiff objects to the conclusion that the Commissioner erred by not considering the documents from Dr. Schanz. Plaintiff insists he made a sufficient effort to obtain the documents before the hearing.

Plaintiff's objection is OVERRULED. The magistrate judge concludes Plaintiff had the opportunity to request documents from Dr. Schanz between December 6, 2005, when Dr. Schanz made progress notes in Plaintiff's file, and May 5, 2006, when the hearing occurred. (R&R at 8.) Nor were attempts to secure the documents made after the hearing and before the Administrative Law Judge ("ALJ") issued the ruling on October 10, 2006. (*Id.* at 8-9.) Plaintiff insists Dr. Schanz was unavailable at the time of the hearing due to an automobile accident. (Obj. at 1.) Plaintiff's objection is not supported by the record.

Furthermore, Plaintiff has not objected to the conclusion that Appeal's Council's denial of

2

review to those documents is beyond this Court's scope of review. (R&R at 5.) Neither has Plaintiff objected to the conclusion that, even if good cause could be established, the documents would not have reasonably persuaded the Commissioner to reach a different conclusion. (*Id.* at 9-10.)

**B. The Commissioner Failed to Give Weight to the Opinions of Treating Physicians.**

The magistrate judge concludes the Commissioner did not err by failing to give adequate weight to the opinions of Dr. Probes and Dr. Schanz. Plaintiff objects.

Plaintiff's objection is OVERRULED. Dr. Schanz's opinions could not be considered because the documents reflecting those opinions were never presented to the ALJ. The magistrate judge concludes the ALJ gave full weight to Dr. Probe's opinions, quoting the relevant portion of the ALJ's opinion. Plaintiff's general objection does not undermine the magistrate judge's sound reasoning in light of the record.

**C. Credibility Determinations**

The magistrate judge addressed two credibility-related arguments raised in Plaintiff's reply brief, concluding the Commissioner did not concede the arguments because they were not properly raised in Plaintiff's initial brief. The magistrate judge also concludes Plaintiff's credibility arguments are meritless. Plaintiff objects.

Plaintiff's objection is OVERRULED. As correctly explained in the report, credibility determinations are the province of ALJ, not the court. (R&R at 15, 16.) The magistrate judge concludes that Plaintiff failed to identify these arguments as specific errors of law or fact that require remand or reversal. Plaintiff does not object to that particular conclusion. The magistrate judge points out Plaintiff's brief generally lacks any details regarding the alleged "work history" error by the ALJ. The magistrate judge outlines Plaintiff's work history in some detail. (R&R at 16-17.)

3

Plaintiff does not point to any error in the summary of his work history. Plaintiff's assertion that his work history supports his credibility is simply an assertion without further explanation or reasoning. It does not establish that the ALJ erred such that the case must be remanded or the conclusions reversed. The single reference to Plaintiff's demeanor in the ALJ's opinion does not establish that the ALJ utilized the "sit and squirm" test. As detailed in the report, the ALJ's opinion is replete with references to evidence establishing an absence of disabling symptoms.

## CONCLUSION

Having reviewed the record, the Court finds the magistrate judge's report factually accurate and the reasoning sound. The report and recommendations are ADOPTED as the opinion of this Court.

For these reasons, **IT IS HEREBY ORDERED:**

1. The report and recommendation (ECF No. 11) is **ADOPTED,** over objections, as the opinion of this Court.

2. The Commissioner's decision is **AFFIRMED.**

3. Plaintiff's request for remand to the Agency is **DENIED.**

Date: May 17, 2011 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge